IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:16 CV 409

| | |
|---|---|
| **TALMAGE LEE JONES, JR.,** ) | |
| ) | |
| Plaintiff ) | |
| ) | **ORDER** |
| v ) | |
| ) | |
| **JASON ANTHONY HIGGINS and** ) | |
| **G & R TRUCKING CO., INC.,** ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the undersigned pursuant to a Motion to Amend Complaint (#5). In the motion, the Plaintiff moves the Court, pursuant to Rule 15 and Rule 20 of the Federal Rules of Civil Procedure to amend his Complaint to add an additional party-defendant and claims related thereto. It appears to the Court that none of the present Defendants oppose allowing the Plaintiff's motion. Upon a review of the record and relevant legal authority, the Court will grant the motion.

The Federal Rules of Civil Procedure provide that a party may amend its pleading once as a matter of course within twenty-one days of service or twenty-one days after the service of a Rule 12(b) motion if the pleading is one that requires a response. Fed. R. Civ. P. 15(a)(1). After the expiration of the time periods specified in Rule 15(a)(1), however, a party may amend its pleading "only with the opposing

1

party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) further provides that leave to amend shall be freely given "when justice so requires." Id. The United States Court of Appeals for the Fourth Circuit has recognized three situations where a district court may deny leave to amend: (1) where allowing the amendment would prejudice the opposing party; (2) the moving party acted in bad faith; or (3) where the amendment would be futile. Equal Rights Ctr. V. Niles Bolton Assoc., 602 F.3d 597, 603 (4th Cir. 2010). An amendment is futile where the proposed amendment fails to conform to the requirements of the Federal Rules of Civil Procedure. Katyle v. Penn Nat'l Gaming, Inc., 637 F.3d 462, 471 (4th Cir. 2011); U.S. ex rel. Wilson v. Kellogg Brown& Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008). "Delay alone, however, is an insufficient reason to deny the plaintiff's motion to amend." Laber v. Harvey, 438 F.3d 404, 427 (4th Cir. 2006). Ultimately, the decision whether or not to grant a party leave to amend is up to the discretion of the Court. See New Beckley Min. Corp. v. Int'l Union, United Mine Workers of Am., 18 F.3d 1161, 1164 (4th Cir. 1994).

Allowing Plaintiff's leave to amend is appropriate under Rule 15 and the relevant case law. The proposed amendment would not prejudice the opposing parties, Plaintiff is not acting in bad faith, and the amendment is not futile.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that the Motion to Amend Complaint (#5) is **ALLOWED** and Plaintiff shall have ten (10) days from the entry of this Order to file his Amended Complaint.

Signed: January 13, 2017

Dennis L. Howell
United States Magistrate Judge