IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | | |
|---|---|---|
| TALMAGE LEE JONES, JR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JASON ANTHONY HIGGINS and | ) | |
| G & R TRUCKING CO., INC. and | ) | |
| CMH MANUFACTURING, INC. | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |
| v. | ) | Civil File No. 1:16-cv-409 |
| | ) | |
| CMH MANUFACTURING, INC., | ) | |
| | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HOYLE'S TIRE AND AXLE, LLC | ) | |
| D/B/A HOYLE TIRE & AXLE, | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

## PLAINTIFF'S MOTION FOR SANCTIONS FOR DEFENDANT HIGGINS' FAILURE TO APPEAR FOR HIS DEPOSITION

**COMES NOW** Plaintiff, pursuant to Federal Rules of Civil Procedure Rule 37(d), moves for sanctions against Defendant Jason Anthony Higgins for failing to appear for his own deposition, and as grounds therefore states as follows:

1.

On July 31, 2017, the undersigned sent an email correspondence to Defendant Higgins' attorney, Adam Peoples, requesting deposition dates for Higgins. A copy of this correspondence is attached as Exhibit A.

2.

On September 6, 2017, Higgins' counsel provided the date of October 30 2017, for Higgins'

deposition. Counsel for the other Defendants agreed to be available and attend Higgins deposition on October 30. A copy of selected portions of this correspondence is attached as Exhibit B.

3.

On September 8, 2017, Plaintiff properly served a Notice of Deposition of Defendant Jason Anthony Higgins for October 30, 2017 on all other parties. A copy of the Notice of Deposition is attached as Exhibit C.

4.

On October 25, 2017, counsel for Higgins emailed the Plaintiff and all other parties and attempted to "unilaterally cancel the deposition." Counsel admitted that he had lost contact with his client, and was unable to provide any assurances that Higgins would appear for a deposition at a later date. A copy of selected portions of this correspondence is attached as Exhibit D.

5.

On October 27, 2017, Plaintiff provided counsel for Higgins with a proposed stipulation that Higgins was duly noticed for his deposition as required under the Federal Rules of Civil Procedure, and that Higgins was going to fail to appear. Plaintiff provided this stipulation as a way to avoid the unnecessary expense of traveling to and attending a deposition in which Higgins was not going to appear. A copy of this proposed stipulation is attached as Exhibit E.

6.

On the same date, Higgins' counsel refused to sign the proposed situation, claiming that Higgins was not duly noticed, and did not fail to appear. A copy of this correspondence is attached as Exhibit F.

7.

Counsel for Defendant Higgins, Adam Peoples, advised all other opposing counsel during another deposition in this case conducted on October 27, 2017 that he mistakenly believed that Plaintiff's counsel would subpoena Mr. Higgins to Defendant Higgins' deposition. Plaintiff's counsel never agreed to subpoena Defendant Higgins, nor would that be appropriate or allowable under the Federal Rules of Civil Procedure. Plaintiff's counsel and opposing counsel advised Mr. Peoples on October 27, 2017 that the deposition needed to go forward as scheduled on Monday, October 30, 2017.

8.

On the same date, Plaintiff emailed and informed counsel for Higgins that "given the lack of any other agreement between counsels please be advised that Plaintiff will take Mr. Higgins' deposition on [October 30] as previously noticed pursuant to the Federal Rules of Civil Procedure."

Plaintiff also informed counsel for Higgins that unless he filed a Motion for Protective Order, the deposition would take place. Counsel for Higgins did not file a Motion for Protective Order. A copy of this correspondence is attached as Exhibit G.

9.

Higgins did not appear for his deposition on October 30, 2017. A copy of the Court Reporters' Draft Transcript of Higgins' non-appearance Deposition is attached as Exhibit H.

10.

Plaintiff has attempted to confer in good faith on multiple occasions with counsel for Higgins to resolve these issues without court action, both before and after the scheduled date for Higgins' deposition. A copy of Plaintiff's additional good faith correspondence to Higgins after his failure to appear for his deposition is attached as Exhibit I.

11.

Federal Rules of Civil Procedure 37(d)(1)(A) provides that "[t]he court where the action is pending may, on motion, order sanctions if:
(i) a party . . . fails, after being served with proper notice, to appear for that person's deposition."

12.

"A failure described in Rule 37(d)(1)(A) is not excused on the ground that discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." F.R.C.P. 37(d)(2).

13.

As a result of Higgins' failure to appear at his deposition, Plaintiff is entitled to sanctions against Defendant Higgins.

14.

"Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." F.R.C.P. 37(d)(3).

**WHEREFORE**, based on the foregoing, Plaintiff respectfully requests that the Court grant its motion for sanctions, including but not limited to:

(a) Striking Higgins' pleadings in whole or in part;

(b) Rendering a default judgment against Higgins;

(c) Determining liability against Higgins as a result of his failure to appear at his deposition;

(d) Attorney's fees and costs relating to Higgins' October 30 deposition and the filing of this motion for sanctions;

(e) Additional time for the Plaintiff to conduct discovery should the Court not render a default judgment against Higgins; and

(f) Any other sanctions that this Court sees as just and proper.

This the 9th day of November, 2017.

/s/ Mark R. Melrose
Mark R. Melrose, N.C. State Bar No. 17175
Melrose Law, PLLC
P.O. Box 567
Waynesville, SC 28786
Telephone: 828.252.8511
Email: Melrose@mountainverdict.com

*Attorney for Talmage Lee Jones, Jr., Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served counsel of record or the opposing party/parties in the foregoing matter with a copy of the Plaintiff's Motion for Sanctions for Defendant Higgins' Failure to Appear for His Deposition, and to Extend Expert Report Deadline by:

__X__     I hereby certify that on this 19th day of September, 2017, I electronically filed with the Clerk of court using the CM/ECF system, which will send notification of such filing to the following:

Adam Peoples
NC Bar No.47339
Attorney for Jason Anthony
Higgins and G & R Trucking
Company, Inc.
Hall Booth Smith, PC
123 Biltmore Avenue
Asheville, NC 28801
(828) 232-4481 Telephone
(828) 232-4489 Facsimile
apeoples@hallboothsmith.com

Clayton M. Custer
NC Bar No. 13811
Attorney for
Defendant/Third-Party
Plaintiff CMH
Manufacturing, Inc.
Womble Carlyle Sandridge
& Rice LLP
550 South Main St, Ste 400
Greenville, SC 29601
(864) 255-5409 Telephone
(864) 255-5492 Facsimile
ccuster@wcsr.com

David M. Harmon
Attorney for Hoyle's Tire &
Axle, LLC
Vernis & Bowling of
Charlotte, PLLC
407 Hedgemore Dr, Ste 812
Charlotte, NC 28209
(704) 910-8162 Telephone
(704) 910-8163 Facsimile
dharmon@ncarolina-
law.com

This the 9th day of November, 2017.

s/Mark R. Melrose
NC Bar No. 17175
Attorney for Plaintiff
Melrose Law PLLC
Post Office Box 567
Waynesville, North Carolina 28786
(828) 452-3141 Telephone
(828) 246-6221 Facsimile
melrose@mountainverdict.com