IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | | |
|---|---|---|
| TALMAGE LEE JONES, JR, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| JASON ANTHONY HIGGINS and G & R TRUCKING CO., INC. and CMH MANUFACTURING, INC. | ) ) ) ) | |
| Defendants, | ) ) | |
| v. | ) ) | Civil File No. 1:16-cv-409 |
| CMH MANUFACTURING, INC., | ) ) | |
| Third-Party Plaintiff, | ) ) | |
| v. | ) ) | |
| HOYLE'S TIRE AND AXLE, LLC D/B/A HOYLE TIRE & AXLE, | ) ) ) | |
| Third-Party Defendant. | ) | |

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS FOR DEFENDANT HIGGINS' FAILURE TO APPEAR FOR HIS DEPOSITION

NOW COMES Plaintiff Talmage Lee Jones, Jr., by and through his undersigned counsel, and hereby presents the following memorandum of law in support of his Motion for Sanctions for Defendant Higgins' Failure to Appear for his Deposition. This Court should allow Plaintiff's Motion for Sanctions because Higgins did not appear for his duly noticed Deposition on October 30, 2017, and sanctions are

appropriate in this case.

## FACTUAL HISTORY

The pertinent factual history surrounding Higgins' failure to appear at his duly noticed deposition is discussed in detail in Plaintiff's Motion for Sanctions. Plaintiff obtained the date of October 30, 2017, from Higgins counsel, and filed a notice of deposition for that date by agreement with all counsel. (Ex. A, Ex. B, Ex. C.) On October 26, Higgins attempted to unilaterally cancel his deposition. (Exhibit D.) Counsel for Higgins admitted that he had lost contact with his client, and was unable to provide any reasonable assurances that Higgins would appear for a deposition at a later date. (Id.) Plaintiff asked Higgins to stipulate that Higgins' deposition was duly noticed, in order to avoid unnecessary travel and expenses should Plaintiff be required to travel to a deposition in which Higgins was expected to be a no-show. (Ex. E). Higgins' counsel refused to so stipulate. (Ex. F). Plaintiff's counsel informed counsel for Higgins on October 27th that the deposition on October 30th would be going forward, unless Higgins sought relief from this Court in the form of a Motion for Protective Order. (Ex. G.) Higgins did not move for a Motion for a Protective Order. Plaintiff's counsel personally traveled to Jonesborough, Tennessee for Higgins' deposition at the county courthouse, and all defense attorneys appeared by telephone. Higgins did not show at his deposition on October 30, 2017. (Ex. H). Plaintiff reached out in a good faith attempt to resolve the issue on multiple occasions to avoid

the necessity of intervention by this Court, but was unable to resolve this dispute. Plaintiff then filed this Motion for Sanctions and accompanying Memorandum of Law.

## ARGUMENT

Plaintiff is entitled to sanctions against Defendant Higgins for failing to appear for his duly noticed deposition on October 30, 2017.

Under Federal Rule of Civil Procedure 37(d), "the court . . . may, on motion, order sanctions if a party . . . fails, after being served with proper notice, to appear for that person's deposition. Fed. R. Civ. P. 37(d). A party will not be excused from attending a properly noticed deposition, even if he objects to the deposition, unless "the party failing to act has a pending motion for a protective order under Rule 26(c)." Fed. R. Civ. P. 37(d)(2).

While this Court does have leeway in determining the appropriate sanctions as enumerated in Rule 37(b)(2)(A), at minimum, "instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

It is undisputed that Higgins did not file a motion for a protective order pursuant to Rune 26(c). At a minimum, this necessitates that Plaintiff is entitled to the reasonable expenses of Higgins' failure to attend his deposition, and failure to move

for a protective order. In addition, Higgins can only avoid additional sanctions if Higgins' failure "was substantially justified or other circumstances make an award of expenses unjust." The Fourth Circuit has proscribed a four factor test to determine whether a severe sanction, such as a default judgment, was appropriate under Rule 37(d) in the given circumstances: "(1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice the party's noncompliance caused the opposing party, which necessarily includes an inquiry into the materiality of the evidence that the noncomplying party failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and(4) the effectiveness of less drastic sanctions." *Mutual Fed. Sav. And Loan Ass'n v. Richards and Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989).

At minimum, Higgins acted in bad faith by failing to either enter into a stipulation that Higgins was going to fail to appear at his duly noticed deposition, or move for a protective order to allow this Court to rule on the sufficiency of the Notice of Deposition of Higgins. Instead, Higgins' actions forced Plaintiff to travel from Waynesville, North Carolina, to Jonesborough, Tennessee, to a hold a no-show deposition. Higgins could have saved Plaintiff's expenses for travel, and for the court reporter, by taking either of the two actions listed above, at which point this Court would have had the opportunity to rule on the sufficiency of the notice, and on the proper sanctions for Higgins' non-appearance, without the additional expense of travel. This unjustified refusal of Higgins to take any reasonable action to rectify a difficult

situation was in bad faith.

In addition, counsel for Higgins, Adam Peoples, admitted that he had made no substantial efforts to locate his client until as late as October 25—even though the notice of deposition had been served on Higgins on September 8. Mr. Peoples has also communicated that he will be available for a "rescheduled" deposition, but Mr. Peoples admits that he has no contact with Higgins, and is unable to guarantee Higgins' appearance on any other date. When good faith attempts were made to resolve this dispute prior to the scheduled October 30th deposition, Mr. Peoples repeatedly insisted that Mr. Higgins was not "duly noticed," since Mr. Peoples' mistakenly believed that Plaintiff's counsel would subpoena Mr. Higgins to his own deposition. In fact, such as subpoena is not necessary or proper. Fed. R. Civ. P. 5(b)(1). Mr. Peoples' mistake of law and refusal to move for a protective order should not prejudice the Plaintiff.

Plaintiff has suffered, and will continue to suffer, material prejudice by being unable to depose a named party Defendant, Jason Higgins, as a result of Higgins' failure to appear for his duly noticed deposition. Higgins was the driver of the commercial vehicle complained of in the Complaint. A tire separated from Higgins' cargo, which was half of a manufactured home, and caused personal injury to the Plaintiff. Only Higgins can speak to the condition of the manufactured him directly prior to, and during transport. Only Higgins can speak to the steps that he took to inspect the manufactured home before and during transport, and only Higgins can

speak to the condition of the axle and tires after a tire left his cargo and injured the Plaintiff. In essence, Higgins' testimony is essential to the Plaintiffs action, especially with the upcoming expert report deadlines.

There is a substantial need to avoid such behavior in the future. Difficulties in scheduling Higgins' deposition were one of the primary reasons that the expert report deadline has already been extended, and failure to complete Higgins' deposition has been the biggest bottleneck in the overall flow of discovery in this case. Higgins has denied liability in this action, and therefore his deposition testimony is essential in the Plaintiffs case. To allow Defendant to avoid his deposition, while increasing the Plaintiff's costs in pursuing this action, without lawful justification, would be a miscarriage of justice.

Finally, monetary sanctions alone would not be a sufficient sanction against Higgins. This Court should instead either strike Defendant Higgins' pleadings; take as fact that Defendant Higgins was negligent in his inspection, preparation, and/or hauling of the mobile; or render a default judgment against Higgins. Should this Court find, in its discretion, that a lesser sanction is appropriate in this case, Plaintiff requests that this Court require Higgins to submit to a deposition pursuant to Rule 30, and that further failure to comply shall result in a default judgment against him. Plaintiff also requests that should the Court not render a default judgment against Higgins, that Plaintiff be allowed additional time to conduct discovery and serve expert witness

reports, as Higgins failure to appear for his duly noticed deposition has prejudiced and delayed Plaintiff's ability to timely prepare his case.

## CONCLUSION

WHEREFORE, this Court should grant Plaintiff's Motion for Sanctions against Defendant Higgins for his failure to attend his duly noticed deposition.

This the 9th day of November, 2017.

/s/ Mark R. Melrose
Mark R. Melrose, N.C. State Bar No. 17175
Melrose Law, PLLC
P.O. Box 567
Waynesville, SC 28786
Telephone: 828.252.8511
Email: Melrose@mountainverdict.com

*Attorney for Talmage Lee Jones, Jr., Plaintiff*

# CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel of record or the opposing party/parties in the foregoing matter with a copy of the Memorandum of Law in Support of Plaintiff's Motion for Sanctions for Defendant Higgins' Failure to Appear for His Deposition, and to Extend Expert Report Deadline by:

__X__   I hereby certify that on this 19th day of September, 2017, I electronically filed with the Clerk of court using the CM/ECF system, which will send notification of such filing to the following:

| | | |
|---|---|---|
| Adam Peoples | Clayton M. Custer | David M. Harmon |
| NC Bar No.47339 | NC Bar No. 13811 | Attorney for Hoyle's Tire & Axle, LLC |
| Attorney for Jason Anthony Higgins and G & R Trucking Company, Inc. | Attorney for Defendant/Third-Party Plaintiff CMH Manufacturing, Inc. | Vernis & Bowling of Charlotte, PLLC |
| Hall Booth Smith, PC | Womble Carlyle Sandridge & Rice LLP | 407 Hedgemore Dr, Ste 812 |
| 123 Biltmore Avenue | 550 South Main St, Ste 400 | Charlotte, NC 28209 |
| Asheville, NC 28801 | Greenville, SC 29601 | (704) 910-8162 Telephone |
| (828) 232-4481 Telephone | (864) 255-5409 Telephone | (704) 910-8163 Facsimile |
| (828) 232-4489 Facsimile | (864) 255-5492 Facsimile | dharmon@ncarolina-law.com |
| apeoples@hallboothsmith.com | ccuster@wcsr.com | |

This the 9th day of November, 2017.

            s/Mark R. Melrose
            NC Bar No. 17175
            Attorney for Plaintiff
            Melrose Law PLLC
            Post Office Box 567
            Waynesville, North Carolina 28786
            (828) 452-3141 Telephone
            (828) 246-6221 Facsimile
            melrose@mountainverdict.com