**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:16CV409**

| | |
|---|---|
| **JUDY E. JONES, as Executor of the Estate of Talmage Lee Jones, Jr.,** ) ) **Plaintiff,** ) ) v. ) ) **JASON ANTHONY HIGGINS and G & R TRUCKING COMPANY, INC.,** ) ) **Defendants.**[1] ) ) _____ ) | **ORDER** |

This matter is before the Court on the Motion for Relief from Judgment (# 104) filed by Jason Anthony Higgins and G & R Trucking Company, Inc. (hereafter "Defendants"). The Court held a hearing on the motion on March 30, 2018, and the issues have been fully briefed. The matter is now ripe for ruling. For the reasons addressed below, Defendants' Motion for Relief from Judgment is GRANTED IN PART.

**I.   Factual Background**

The facts relevant to the instant motion are the following: This action was removed to this Court on December 28, 2016.[2] See Not. Rem. (# 1). The case was originally assigned to the

---

[1] The caption has been constructively-amended to reflect the termination of parties. Former Plaintiff Talmage Lee Jones, Jr. died and was terminated on February 12, 2018. Former Plaintiff Talmage Lee Jones, Jr.'s wife, Judy E. Jones, was substituted.

[2] The prayer for judgment in Plaintiff's Complaint provides:

(1)   Plaintiff seeks an amount in excess of $25,000 pursuant to the First Claim for Relief;

(2)   Plaintiff seeks an amount in excess of $25,000 pursuant to the Second Claim for Relief;

(3)   Plaintiff seeks an amount in excess of $25,000 pursuant to the Third Claim for Relief; and

(4)   Plaintiff seeks an amount in excess of $25,000 pursuant to the Fourth Claim for Relief.

Honorable Martin Reidinger, United States District Judge. On June 30, 2017, the parties consented to the undersigned serving as the presiding judge. See J. Cons. (# 42.)

On February 9, 2018, Defendants G & R Trucking Co., Inc. and Jason Anthony Higgins, by United States mail, served an Offer of Judgment on Plaintiff for the sum of $50,000.00. The Offer of Judgment stated that "if not accepted within ten days of service the offer is automatically withdrawn." (# 88-1) This Offer was in contravention of Federal Rule of Civil Procedure 68(a), which allows fourteen days for acceptance.

On February 14, 2018, at 9:52 a.m., Plaintiff's counsel sent an e-mail to Defendants' counsel stating: "Further presuming the 50K Offer of Judgment is the most Northland intends to offer on this case, then please communicate to Mr. Higgins that the Plaintiff would be willing to accept Northland's 50K to settle all issues if Mr. Higgins is willing to pay an additional $25,000.00 out of his personal funds for a total settlement of 75K." (# 98-2) Defendants' counsel responded on February 14, 2018, at 11:02 a.m., to Plaintiff's attorney as follows: "In light of your rejection and counteroffer our Offer of Judgment is withdrawn." (# 98-2)

The next day, February 15, 2018, Defendants' counsel, by facsimile, sent to Plaintiff's counsel an Offer of Judgment from only one Defendant, that being G & R Trucking Co., Inc., which was also in the amount of $50,000.00. (# 87-1) Again, the Offer of Judgment was in contravention of Federal Rule of Civil Procedure 68(a), which allows fourteen days for acceptance and not the ten days as stated in Offer of Judgment.

On February 19, 2018, Plaintiff's counsel filed two Acceptances, one of each of the two Offers of Judgment. (# 87, 88.) On March 14, 2018, Defendants filed a Motion to Set Aside Judgment (# 98). A hearing was held on March 16, 2018, where the Motion to Set Aside Judgment (# 98) was addressed. On March 19, 2018, this Court entered an Order (# 101), which explained

that for at least two reasons Defendants' motion would be denied. In particular, first, Defendants were seeking to set aside a judgment that had not yet been entered. Second, Defendants' motion failed to comply with this Court's Local Civil Rule 7.1.

Consistent with the two Offers of Judgment, on March 21, 2018, the Clerk of Court entered Judgment against both Defendants (# 102) in the amount of $50,000.00 ("First Judgment"). On the same day, the Clerk also entered Judgment solely against Defendant G & R Trucking Co., Inc. (# 103) in the amount of $50,000 ("Second Judgment"). The entry of these two judgments was consistent with the Offers of Judgment served by Defendants' counsel upon Plaintiff's counsel.

Two days later, on March 23, 2018, Defendants filed the instant Motion for Relief from Judgment (# 104). Plaintiff filed a timely Opposition (# 108). In Defendants' Brief (# 104 at 3) Defendants' counsel states "on March 23, 1018, Defendants mailed the Plaintiff, via FedEx, a check in the amount of $50,000, as full and final satisfaction of the First Judgment. Also enclosed was a proposed Satisfaction of Judgment for Plaintiff to file." On March 30, 2018, the Court conducted a hearing on Defendants' Motion for Relief from Judgment (# 104).

## II.    Legal Standard

To obtain relief from a final judgment under Federal Rule of Civil Procedure 60(b), the movant must show timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances. Werner v. Carbo, 731 F.2d 204, 206-07 (4th Cir. 1984) (citing Compton v. Alton S.S. Co., Inc., 608 F.2d 96, 102 (4th Cir. 1979)). Then, Rule 60(b) allows the court to "relieve a party or its legal representative from a final judgment, order, or

---

Compl. (# 1-2) at 4. On November 28, 2016, Plaintiff stated that the amount of monetary relief sought was $300,000 to $350,000. (# 1-1) Ex. A.

3

proceeding" for any of the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect:

(2) newly discovered evidence that, with reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b); accord Owen v. Dr. Reddy's Laboratories, No. 1:17-CV-0037-MR-DLH, 2018 WL 1536491, at *1-2 (W.D.N.C. Mar. 29, 2018). Relief under Rule 60(b) is available "only to prevent a grave miscarriage of justice." United States v. Beggerly, 524 U.S. 38, 47 (1998).

A Rule 60(b) motion must be filed within a "reasonable time," and with respect to bases (1) through (3), it must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). The party moving under Rule 60(b) bears the burden of establishing that its motion is timely. Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC, 859 F.3d 295, 300 (4th Cir. 2017).

### III. Discussion

After receiving an e-mail from Plaintiff's counsel on February 14, 2018, at 9:52 a.m. (# 98-2 at 4) Defendants, within one hour and ten minutes responded, "[I]n light of your rejection and counteroffer, our Offer of Judgment is withdrawn." (# 98-2 at 5.) This, Defendants' counsel could not do.

An Offer of Judgment is an irrevocable offer for a period of fourteen days from the date of the Offer. Colonial Penn Insurance Co. v. Coil, 887 F.2d 1236 (4th Cir. 1989). In Butler v. Smithfield Foods, Inc., 179 F.R.D. 173 (E.D.N.C. 1998), an Offer of Judgment was made by the Defendant in the amount of $12,500.00. Id. at 174. The Plaintiff's counsel responded six days later, offering to settle for $25,000.00. Id. The Defendant's counsel, on that same date, refused the Counteroffer. Id. Later, the Plaintiff's counsel offered to accept $18,000.00, which was also rejected by the Defendant's counsel. Id. The Plaintiff's counsel then served a Notice of Acceptance of the Offer of Judgment. Id. The Defendant moved to strike the Acceptance. Id. The Court noted that an Offer of Judgment was irrevocable for the period set forth in Rule 68 of the Federal Rules of Civil Procedure, which is now fourteen days. Id. at 175.

In the instant case, there is presented a similar circumstance with the First Offer of Judgment, dated February 9, 2018, (# 88-1) being accepted by the Plaintiff on February 19, 2018 (# 88). In this case, however, evidently Defendants' counsel did not know that the February 9, 2018, Offer of Judgment was irrevocable and for reasons that were not explained at the hearing on this Motion, and which are perhaps inexplicable, then served upon Plaintiff's counsel, on February 15, 2018, a second Offer of Judgment on behalf of one of his clients, that being G & R Trucking Co., Inc. (# 87-1). Again, on February 19, 2018, Plaintiff's counsel filed an Acceptance of that Offer of Judgment (# 87). Defendants' counsel wished to take advantage of the fact that he sent the second Offer of Judgment (# 87-1) by facsimile machine, but this Court will not allow Defendants to benefit from their own faulty actions.

Now, Plaintiff seeks to combine the first Offer of Judgment (# 102) and the second Offer of Judgment (# 103) to obtain a total recovery of $100,000.00. That position is understandable. Plaintiff's counsel was acting with commitment and dedication to the interests of his client and was zealously advocating for Plaintiff in accepting both Offers of Judgment. On the other hand,

5

Defendants argue that Plaintiff is entitled to only $50,000.00, in satisfaction of the first Offer of Judgment (# 102), and the second Offer of Judgment (# 103) is void, satisfied, or otherwise unenforceable.

It is apparent that Defendants' counsel made serious mistakes regarding his knowledge of the irrevocable effect of serving Offers of Judgment. Plaintiff's counsel appropriately seeks to take advantage on behalf of his client. It is clear from the documents filed that Defendants were offering $50,000.00 to settle the case and Plaintiff was offering to accept $75,000.00. (# 98-2 at 4-5) Now, this Court must determine what is fair and correct in regard to this dispute.

Equity provides an affirmative relief through rescission where a party makes a mistake regarding the meaning of a contract, and the mistake was known to the other party. Fisher v. Stolaruk Corp., 110 F.R.D. 74, 76 (1986). In particular, where a mistake in an offer should have been apparent to the offeree, the offeree's "acceptance" will permit rescission where the offeree refuses to allow the mistake to be corrected. Id. In sum, the court cannot allow an offeree to accept an offer that is simply too good to be true. Id. To rescind, there are four technical requirements: (1) the mistake must be so great that enforcement would be unconscionable; (2) the mistake must be material; (3) the mistake must have happened despite the exercise of ordinary care; and (4) it must be possible to place the other party in status quo. Id.

In the instant case, it appears that Plaintiff is seeking to enforce a contract where the mistake was obvious. Both Offers of Judgment specifically state that they are "made in good faith to negotiate or settle **all of Plaintiff's claims**." (# 87-1, 88-1 (emphasis added).) Thus, it is clear that the service of the final Offer of Judgment was a mistake by defense counsel. This Court cannot allow Plaintiff to enforce an "unconscionable" agreement with Defendants, nor can this Court allow Defendants to take unfair advantage of their own errors and mistakes to the Plaintiff's disadvantage. See Stolaruk, 110 F.R.D. at 76. For these reasons, this Court will place the parties

6

back in the same position that they were in on February 9, 2018, when the first Offer of Judgment (# 88-1) was served.

## IV. Conclusion

In light of the foregoing and as a matter of equity, the Court will GRANT Defendants' Motion for Relief from Judgment (# 104) IN PART. The Court will Order that both Judgments (# 102, # 103) be rescinded and of no force and effect. The Court will further direct that Plaintiff be allowed fourteen (14) days from the date of this Order, and as provided by Federal Rule of Civil Procedure 68, to accept the Offer of Judgment of February 9, 2018 (# 88-1). Should Plaintiff determine not to file an Acceptance of the Offer of Judgment within the time allowed, that being fourteen (14) days, then Plaintiff's counsel shall return to Defendants' counsel, within twenty-one (21) days from the date of the entry of this Order, the check for $50,000.00 referenced in Defendants' Motion (# 104) and all documents delivered therewith. If Plaintiff determines not to accept the Offer of Judgment dated February 9, 2018 (# 88-1), the Court will promptly schedule a hearing on Plaintiff's Motion for Sanctions against Defendant Jason Anthony Higgins (# 54).

Signed: May 8, 2018

Dennis L. Howell
United States Magistrate Judge